STATE BOARD OF RETIREMENT *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1]

No. 09-P-1382.

Suffolk. February 8, 2010. - August 24, 2010.

Present: McHugh, Dreben, & Graham, JJ.

*Retirement. Public Employment,* Retirement. *Administrative Law,* Decision, Judicial review, Substantial evidence, Agency's interpretation of statute. *Contributory Retirement Appeal Board. Words,* "Creditable service."

This court concluded that the Contributory Retirement Appeal Board reasonably determined that a public employee had the required ten years of creditable service with the State employees' retirement system to establish contract service under G. L. c. 32, § 4(1)(*s*). [455-456]

CIVIL ACTION commenced in the Superior Court Department on July 23, 2008.

The case was heard by *Charles T. Spurlock,* J., on a motion for judgment on the pleadings.

*Jennifer Grace Miller,* Assistant Attorney General (*Paul K. Donohue* with her) for the defendants.

*Crystal L. Matthews* for the plaintiff.

DREBEN, J. At issue in this case is whether the interpretation of G. L. c. 32, § 4(1)(*s*), by the Contributory Retirement Appeal Board (CRAB) was a reasonable one. See *Foresta* v. *Contributory Retirement Appeal Bd.,* 453 Mass. 669, 676 (2009). CRAB determined that Claire Barker had the required ten years of creditable service with the State employees' retirement system (SERS) to establish contract service under G. L. c. 32, § 4(1)(*s*). The State Board of Retirement (board) considered CRAB's decision erroneous, and appealed CRAB's decision to the

---

[1]Claire Barker.

Superior Court.[2] Before us is CRAB's appeal from the allowance by a Superior Court judge of the board's motion for judgment on the pleadings. We reverse the judgment of the Superior Court.

1. *Facts.* The facts are not in dispute. From October 12, 1988 to October 2, 1993, Barker worked as a revenue and finance planner for the Massachusetts Water Resources Authority (MWRA). As a member of the MWRA retirement system, she accrued four years and three months of creditable service with MWRA. When Barker resigned in 1993, she withdrew her "accumulated total deductions" from the MWRA retirement system. Subsequently, from March 15, 1995 to June 30, 1997, she worked as a contract employee for the Department of Environmental Protection (DEP). During that period, she was not a member of the SERS. In July, 1997, Barker entered full-time State service with the DEP and became a member of the SERS.

In March, 2001, pursuant to G. L. c. 32, § 3(8)(*b*), in relevant part set forth in the margin,[3] Barker bought back her prior service with the MWRA by paying $19,008.60 to the board.

---

[2]The proceedings began when the board denied Barker's eligibility under G. L. c. 32, § 4(1)(*s*), on the ground that she did not have the requisite ten-year creditable service. Barker appealed the board's decision to the Division of Administrative Law Appeals (DALA); a DALA magistrate affirmed the board's denial, and Barker appealed to CRAB. CRAB reversed the DALA magistrate's decision. After CRAB denied the board's motion for reconsideration, the board filed this action in the Superior Court pursuant to G. L. c. 30A, § 14.

[3]General Laws c. 32, § 3(8)(*b*), as appearing in St. 1955, c. 695, § 5, provides in pertinent part:

> "Any former member of any contributory retirement system established under the provisions of this chapter . . . or of any special law, who subsequently becomes employed in a position in any other governmental unit in which such a system is operative, may, before the date any retirement allowance becomes effective for him, pay into the annuity savings fund of the system pertaining to his new employment . . . make-up payments of an amount equal to the accumulated regular deductions withdrawn by him from the system from which he last became separated, together with buyback interest . . . . Upon commencing such employment and upon making such payment . . . such former member shall become a member of the system pertaining to his new employment. . . . Upon the completion of such make-up payments such member shall be entitled to all creditable service resulting from his previous employment."

This provision entitles her "to all creditable service resulting from [her] previous employment."[4] G. L. c. 32, § 3(8)(*b*), as appearing in St. 1955, c. 695, § 5.

In October, 2006, Barker attempted a second buyback, this time pursuant to G. L. c. 32, § 4(1)(*s*), set forth in the margin,[5] for her service from March 15, 1995 to June 30, 1997, when she worked as a contract employee of the DEP. That provision permits certain contract employees to "establish as creditable service up to 4 years [of their contract] service if the member [of the SERS] *has 10 years of creditable service with the state employees' retirement system*" (emphasis supplied). G. L. c. 32, § 4(1)(*s*), inserted by St. 2006, c. 161, § 1. That Barker satisfied the other conditions of c. 32, § 4(1)(*s*), is not in dispute; the only issue is whether she met the ten-year requirement.

Barker retired on May 29, 2007. SERS allowed her credit for more than thirteen years of total service, including both her

---

[4]In response to an order of the panel for clarification of Barker's membership after the buyback, the board and CRAB responded in a joint letter, dated June 16, 2010, stating in relevant part:

"As the administrative record illustrates, Ms. Barker purchased her prior MWRA service under G. L. c. 32, § 3(8)(*b*). After completion of the required payments, this service was reinstated as creditable service, with the MWRA Retirement System, to be included in her calculation for retirement benefits from the Board, her current retirement system.

"Although Ms. Barker was credited with her MWRA Retirement System service, that service does not reinstate her membership into the MWRA Retirement System. It only entitles Ms. Barker to include her prior MWRA service for purposes of calculating her retirement benefits, which is administered by the Board."

[5]General Laws c. 32, § 4(1)(*s*), inserted by St. 2006, c. 161, § 1, provides in relevant part:

> "(*s*) Any member in service of the state employees' retirement system who, immediately preceding the establishment of membership in that system or re-entry into active service in that system, was compensated for service to the commonwealth as a contract employee for any department, agency, board or commission of the commonwealth may establish as creditable service up to 4 years of that service if the member has 10 years of creditable service with the state employees' retirement system, and if the job description of the member in the position which the member holds upon entry into service or re-entry into active service is substantially similar to the job description of the position for which the member was compensated as a contract employee. No credit shall be allowed until the member has paid into the Annuity Savings Fund of the state employees' retirement system . . . makeup payments . . . ."

nine years of SERS service and her service in the MWRA retirement system, but not for service as a contract employee with the DEP.

2. *Discussion.* Our review of CRAB's determination that Barker met the ten-year requirement is narrow and under a deferential standard. The retirement law is "notoriously complex," *Namay* v. *Contributory Retirement Appeal Bd.*, 19 Mass. App. Ct. 456, 463 (1985), and we "will reverse only if [CRAB's] decision was based on an erroneous interpretation of law or is unsupported by substantial evidence." *Foresta* v. *Contributory Retirement Appeal Bd.*, 453 Mass. at 676. Where an agency's construction of a statute is reasonable, the court should not supplant it with its own interpretation. *Ibid. Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 441 Mass. 78, 82 (2004). See *Damiano* v. *Contributory Retirement Appeal Bd.*, 72 Mass. App. Ct. 259, 261 (2008). See also *Goldberg* v. *Board of Health of Granby*, 444 Mass. 627, 633 (2005) (agency in Massachusetts has "considerable leeway in interpreting a statute it is charged with enforcing," unless statute unambiguously bars the agency's approach), quoting from *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595-596 (1992).

We consider CRAB's interpretation reasonable and may even be required. Creditable service is defined in G. L. c. 32, § 1, inserted by St. 1945, c. 658, § 1, as "all membership service, prior service and other service for which credit is allowable to any member under the provisions of sections one to twenty-eight inclusive." Under G. L. c. 32, § 3(8)(*b*), Barker was entitled to her creditable service resulting from her employment by MWRA, and the board calculated her retirement benefits based on her more than thirteen years of service. See note 4, *supra.* CRAB's decision that such thirteen years of creditable service to which Barker is "entitled" under G. L. c. 32, § 3(8)(*b*), satisfied the requirement of "10 years of creditable service with the state employees' retirement system" is a reasonable reading of § 4(1)(*s*).

The board's interpretation, adopted by the Superior Court, construes § 4(1)(*s*), to require that all creditable service be *membership* service with SERS. The words of the statute do not require such a limitation. Even if the words are ambiguous, CRAB's interpretation must control.

We see nothing in § 4(1)(*s*) or in the record that bars CRAB's interpretation. See *Goldberg* v. *Board of Health of Granby*, 444 Mass. at 633. Since CRAB's construction of G. L. c. 32, § (4)(1)(*s*), is a reasonable one, Barker meets the ten-year requirement to buy back her contract services with the DEP under that provision. Accordingly, the judgment of the Superior Court is reversed, and a new judgment shall enter affirming CRAB's decision.

*So ordered.*